IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Eddie Donnell Littlejohn,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>Steve Mueller, *Cherokee County* )<br>*Sheriff, in his individual and official* )<br>*capacity*; Cherokee County Detention )<br>Center,  )<br>)<br>Defendants.  )<br>_____) | Civil Action No. 6:24-cv-01162-TMC<br><br>**ORDER** |

Plaintiff Eddie Littlejohn, a pretrial detainee proceeding *pro se* and *in forma pauperis*, (ECF No. 12), filed this action pursuant to 42 U.S.C. § 1983, (ECF Nos. 1, 7, 14). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. The magistrate judge issued multiple orders advising Plaintiff of the necessary steps to bring his case into proper form, (ECF Nos. 5, 11, 20), and, in response, Plaintiff filed an amended complaint and summons forms, (ECF Nos. 14, 16, 22). Once this case was in proper form, the magistrate judge issued another order, advising Plaintiff that, for the reasons set forth therein, Plaintiff's amended complaint is subject to dismissal as it fails to state a claim upon which relief may be granted. (ECF No. 24). The magistrate judge granted Plaintiff an additional fourteen days to file a second amended complaint correcting the defects the magistrate judge identified in his order. *Id*. at 7. He advised Plaintiff that, if Plaintiff failed to file a second amended complaint curing the noted deficiencies within the time provided, he will recommend Plaintiff's claims be dismissed. *Id.* at 8. Plaintiff filed a letter reiterating his allegations

1

regarding his living conditions, (ECF No. 27); however, he failed to timely file a second amended complaint.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending this case be dismissed with prejudice, without further leave to amend, and without issuance and service of process. (ECF No. 29). Plaintiff subsequently filed objections to the Report, (ECF No. 32), as well as a proposed second amended complaint, (ECF Nos. 31, 34). Accordingly, this matter is ripe for review.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report **to which a specific objection** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give

2

any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

**DISCUSSION**

In his amended complaint, which named Sheriff Steve Mueller and the Cherokee County Detention Center as defendants, Plaintiff alleges a violation of his "rights to basic living standards". (ECF No. 14 at 4-5). He provides that he has developed staph infections and other illnesses due to conditions at the detention center, which include overcrowding, unclean laundry,

and the presence of "dust, dirt, mold, and germs." *Id*. at 6, 8. He also states there is "no law library." *Id*. at 6. For relief, he seeks release from the facility, a health physical, and money damages. *Id*.

The magistrate judge concluded Plaintiff's claims were subject to summary dismissal. (ECF No. 29). He explained the Cherokee County Detention Center was subject to dismissal because it is not a "person" as defined by § 1983. *Id*. at 4. He also explained the remaining defendant, Sheriff Mueller, was subject to dismissal because Plaintiff failed to make any specific allegations regarding Sheriff Mueller in his amended complaint.[1] *Id*. at 4-5. Apart from Plaintiff's failure to include personal allegations against a party amenable to suit under § 1983, the magistrate judge determined Plaintiff's conditions of confinement claims were also subject to dismissal because his allegations were vague and conclusory and failed to state a plausible claim for relief. *Id*. at 6. Moreover, he noted that "[P]laintiff's conclusory allegation that he has been denied access to a law library—with no information regarding meritorious claims he contends were impeded as a result-fails to 'demonstrate' actual injury or state a claim for relief." *Id*. at 7. Lastly, the magistrate judge recommended the case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) given Plaintiff's failure to comply with a court order as set forth above.[2] *Id.*

As mentioned, Plaintiff filed objections to the Report, (ECF No. 32), as well as a proposed second amended complaint, (ECF Nos. 31, 34). In his objections, Plaintiff failed to address the magistrate judge's finding that the Cherokee County Detention Center is not a "person" under § 1983 or the magistrate judge's finding that Plaintiff failed to state a plausible claim for relief against Sheriff Mueller. In fact, Sheriff Mueller is not mentioned once in the objections.

---

[1] The magistrate judge had previously notified Plaintiff that an amended complaint replaces the original complaint. (ECF Nos. 5 at 1; 11 at 2; 24 at 7).

[2] Furthermore, the magistrate judge explained that, to the extent Plaintiff seeks release from pretrial detention, such relief may be granted only in a habeas action. *Id*. at 3.

4

Accordingly, the court must only review the magistrate judge's findings on these issues for clear error. Though other officers are mentioned, i.e. Officer Bodcum and Lt. Bodkins, neither of these officers are listed as defendants in this action. Furthermore, to the extent Plaintiff attempts to impute any alleged action by Officers Bodcum and Lt. Bodkins onto Sheriff Mueller, Plaintiff, again, has raised no allegations regarding Sheriff Mueller to support such a claim. Having found no clear error, the court agrees with the magistrate judge on these issues and finds Plaintiff has failed to include personal allegations against a party amenable to suit under § 1983. Because this finding is dispositive of the case, the court declines to address Plaintiff's conditions of confinement claims or denial of access to the courts claim.

## CONCLUSION

Accordingly, the court **ADOPTS IN PART** the Report, (ECF No. 29). This action is **DISMISSED with prejudice**, without further leave to amend,[3] and without issuance and service of process.

**IT IS SO ORDERED.**

                                                                                      s/Timothy M. Cain
                                                                                      United States District Judge

Anderson, South Carolina
April 8, 2025

---

[3] Though untimely, out of an abundance of caution, the court has reviewed Plaintiff's proposed second amended complaint. (ECF Nos. 31, 34). Therein, Plaintiff again names only Sheriff Mueller and the Cherokee County Detention Center as defendants, and he, again, sets forth no specific allegations against Sheriff Mueller to state a plausible claim. Therefore, even if the court accepted the second amended complaint, Plaintiff's case is subject to dismissal for the reasons stated herein. Though Plaintiff claims he needed more time "to get the reference cases", (ECF No. 31-2 at 1), technical or legal knowledge is not required to correct the deficiency upon which the dismissal of his claims is based. Plaintiff was advised multiple times that he failed to include sufficient allegations against a party amenable to suit under § 1983. (ECF Nos. 24, 29). The only knowledge he needed to cure this deficiency is his personal memory of what happened and who he alleges was involved in each act or inaction of which he complains.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.